UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CRAIG KABZINSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16-cv-3146 |
| | ) |
| NATIONSTAR MORTGAGE, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, CRAIG KABZINSKI, ("Plaintiff"), through his attorney, Agruss Law Firm, LLC, alleges the following against Defendant, NATIONSTAR MORTGAGE. LLC, ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et al. ("TDCA").

**JURISDICTION AND VENUE**

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

4. This Court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. This Court has supplemental jurisdiction over the state claim contained herein pursuant to 28 U.S.C. § 1367.

1

6. Defendant conducts business in Magnolia, Montgomery County, Texas.

7. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff, is a resident of Magnolia, Montgomery County, Texas.

9. Defendant is a limited liability company based in Lewisville, Texas.

## FACTUAL ALLEGATIONS

10. Within four (4) years of Plaintiff filing this Complaint, Defendant called and sent text messages to Plaintiff's cellular telephone xxx-xxx-9492 to collect on Plaintiff's alleged debt.

11. All of the telephone calls and text messages Defendant made to Plaintiff were an attempt to collect on Plaintiff's alleged debt.

12. None of the calls Defendant made to Plaintiff were for an emergency purpose.

13. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone from the following telephone number: 888-480-2432.

14. The following telephone number is Defendant's phone number: 888-480-2432.

15. In or around June of 2014, Plaintiff first requested that Defendant stop calling Plaintiff's cellular telephone.

16. Plaintiff requested Defendant stop calling Plaintiff's cellular telephone number again in or around October, 2015, and multiple times after October 2015.

17. Despite Plaintiff's requests that Defendant stop calling Plaintiff's cellular telephone, Defendant continued to call Plaintiff's cellular telephone.

18. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

19. All of the calls and text messages Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls and text messages.

20. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

21. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

22. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

23. On several occasions, Plaintiff has answered calls from Defendant and been greeted by an automated message.

24. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

25. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

26. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

27. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages from live operators for Plaintiff on Plaintiff's cellular telephone.

28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the

capacity to call stored telephone numbers automatically.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

35. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

36. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls and text messages to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, CRAIG KABZINSKI, respectfully requests judgment be entered against Defendant, NATIONSTAR MORTGAGE, LLC for the following:

37. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47

U.S.C. 227(b)(3)(B).

38. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

39. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

40. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

41. Plaintiff repeats and realleges paragraphs 1-35 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

42. Defendant violated the TDCA based on the following:

    a. Defendant violated Tex. Fin. Code §392.302(4) by oppressing, harassing, or abusing Plaintiff by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number, when Defendant continued to call and text Plaintiff after Plaintiff disputed the allege debt and requested Defendant stop calling him.

WHEREFORE, Plaintiff, CRAIG KABZINSKI, respectfully requests judgment be entered against Defendant, NATIONSTAR MORTGAGE, LLC, for the following:

43. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

44. For attorneys' fees, costs and disbursements;

45. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

46. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED:  October 24, 2016          RESPECTFULLY SUBMITTED,


By: /s/ Michael S. Agruss
　　Michael S. Agruss
　　SBN: 6281600
　　Agruss Law Firm, LLC
　　4809 N. Ravenswood Ave.
　　Suite 419
　　Chicago, IL 60640
　　Tel: 312-224-4695
　　Fax: 312-253-4451
　　michael@agrusslawfirm.com
　　Attorney for Plaintiff